# LEE LITIGATION GROUP, PLLC

148 WEST 24TH STREET, 8TH FLOOR
NEW YORK, NY 10011
TEL: 212-465-1188
FAX: 212-465-1181
INFO@LEELITIGATION.COM

WRITER'S DIRECT: (212) 661-0050
lucie@leelitigation.com


**Via ECF**: July 23, 2026

The Honorable Arun Subramanian, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

Re: *Rahman v. Ducasse Holding Corp. et al*
Case No.: 1:26-cv-01445 (AS)

Dear Judge Subramanian:

We represent Plaintiff in the above-referenced action. Pursuant to Local Civil Rule 37.2 and Your Honor's Individual Practices, Plaintiff respectfully submits this letter-motion and requests an informal conference to resolve three discovery disputes on which the parties are at an impasse: (1) Plaintiff's proposed class sampling; (2) Defendants' identification of ESI custodians and production of a hit report; and (3) the scheduling of Defendants' depositions.

As required by Paragraph 5(D), Plaintiff states the following. The parties conferred by telephone on June 30, 2026, for approximately 20 minutes. C.K. Lee, Esq., and Chenyun Ma, Esq. appeared for Plaintiff; Theo E.M. Gould, Esq., Defendants' Lead Trial Counsel, and Vinay D. Patel, Esq. appeared for Defendants. The Lead Trial Counsel conference required by Paragraph 5(B) therefore occurred. The parties conferred again on July 16, 2026 for approximately 15 minutes, with Ms. Ma appearing for Plaintiff and Mr. Patel for Defendants. Mr. Gould, Defendants' Lead Counsel, had agreed to participate in that conference but did not appear. During that conference, Plaintiff advised Defendants that the parties were at an impasse and that Plaintiff would request a conference with the Court.

**1. Class Sampling**

Plaintiff has proposed that Defendants produce time records, pay records, and wage notices for a 20% sample of front-of-house and back-of-house employees over the six-year period preceding the Complaint. Defendants decline to produce records for any employee other than Plaintiff at this time.

Defendants' production as to Plaintiff alone already reflects violations that are not individual to him. Defendants applied a tip credit to every hour Plaintiff worked, but the only tip credit notice they produced is deficient, which invalidates the credit. *See* **Exhibit 1**, Plaintiff's wage notice. The employer must provide tipped employees with written notice "prior to the start of employment" detailing "the employee's regular hourly pay rate, overtime hourly pay rate, [and] the amount of tip credit, if any, to be taken from the basic minimum hourly rate" and informing the employee that "extra pay is required if tips are insufficient to bring the employee up to the basic minimum hourly rate." 12 N.Y.C.R.R. § 146-2.2. "Failure to provide adequate tip credit notice under § 146-2.2 invalidates any tip credit claimed by the employer." *Reyes v. Sofia Fabulous Pizza Corp.*, 2014 U.S. Dist. LEXIS 188734, at *23 (S.D.N.Y. Apr. 7,

2014). A defect in the form of the notice is by its nature uniform across the tipped workforce rather than employee-specific. Moreover, Defendants' records also clearly show automatic lunch break deductions that are always for **exactly** thirty minutes, a clearly impossible level of consistency. *See* **Exhibit 2**, Plaintiff's Time Records. Plaintiff's time records further show that he worked days that would have been subject to call-in pay premiums. *Id*.

These on-the-records violations clearly point to systemic and company-wide practices. The Class-wide records are therefore critical to show that other employees were subject to the same unlawful pay practices, demonstrating a company-wide policy. There is no basis to treat Plaintiff differently from other similarly situated employees, and production of wage and hour records for the Covered Employees is both relevant and proportional to the needs of the case.

Defendants have themselves made other employees' records central to this case. In their June 8, 2026 Dispute Letter to Plaintiff, Defendants represented that they had reviewed punch records of other employees and found no pattern of automatic meal deductions or of shifts cut short, and on that basis demanded that Plaintiff withdraw the class and collective claims. *See* **Exhibit 3**. Defendants cannot rely on class-wide records to argue that no common policy exists while withholding those same records from Plaintiff and the Court. Their review also answers any objection based on burden: the records have already been assembled and examined, and Plaintiff seeks a 20% sample rather than the full set.

Plaintiff notes that Courts in the Second Circuit have repeatedly held that plaintiffs are entitled to pre-certification discovery of documents regarding potential class members. *See Benavides v. Serenity Spa NY Inc*., 166 F. Supp. 3d 474, 492 (S.D.N.Y. May 19, 2016) ("[P]roduction of wage-and-hour documents, tip records . . . [for all non-exempt employees in the six years prior to the complaint] would likely support findings of commonality, typicality, numerosity, that the class is identifiable and ascertainable, and that common questions predominate over any individual issues as required by Rule 23."). In *Salazar v. Spectrum of Creations, Inc.*, No. 16 Civ. 653, Dkt. No. 52 (VSB) (S.D.N.Y. Sept. 9, 2016), the court held:

> "Whatever the merits of their claim, Plaintiffs have repeatedly stated throughout this action that they intend to seek Rule 23 class certification, and the Second Circuit has noted both that '[i]n deciding a motion for class certification under Rule 23, the district judge must receive enough evidence . . . that each Rule 23 requirement has been met."

*See also Rahman v. Smith & Wollensky Rest. Grp., Inc*., 2007 U.S. Dist. LEXIS 37642, at *9 (S.D.N.Y. 2007) ("Pre-certification discovery is often necessary in order to provide the court with sufficient information to determine whether certification is appropriate."); *Sirota v. Solitron Devices, Inc*., 673 F.2d 566, 571 (2d Cir. 1982) ("[T]here can be no doubt that it is proper for a district court, prior to certification of a class, to allow discovery and to conduct hearings to determine whether the prerequisites of Rule 23 are satisfied."); *Calabrese v. CSC Holdings, Inc*., 2007 U.S. Dist. LEXIS 16059, at *20 (E.D.N.Y. 2007) (noting that before deciding whether to certify class, "district court is required to be sure that enough pre-certification discovery is provided so that it is satisfied that each Rule 23 requirement has been met").

**2. ESI Custodians and Hit Report**

Plaintiff asked Defendants to identify their ESI custodians by July 14, 2026, and to run the search terms set out in Plaintiff's First Request for Production of Documents against those

custodians and produce a hit report by July 24, 2026. The parties agreed to confer further on July 16, 2026 at 1:00 p.m. That conference went forward, but Mr. Gould — Defendants' Lead Trial Counsel, who had agreed to attend — did not appear. Mr. Patel stated only that Defendants could not agree to any of Plaintiff's requests. More than two weeks after the June 30 conference, Defendants have identified no custodian, articulated no burden or scope objection, proposed no alternative search terms, and given no date by which they will do any of these things.

The ESI at issue goes to the heart of the parties' dispute. Defendants' June 8 letter relies on text messages in which Plaintiff and other employees reported inaccurate punches, and on messages concerning Plaintiff's schedule and call-outs. *See* **Exhibit 3**. Those are the very communications Plaintiff's requests target, and Defendants' reliance on them confirms both their relevance and their existence as to employees other than Plaintiff. A hit report is the ordinary first step in scoping such a production and imposes minimal burden; without one, the parties have no basis on which to negotiate custodians or search terms at all.

### 3. Deposition Scheduling

Plaintiff served Notices of Deposition on May 19, 2026. Defendants objected by letter dated June 14, 2026 to certain Rule 30(b)(6) topics and to the deposition of Alain Ducasse. At the June 30 conference, Defendants agreed to provide their witnesses' availability shortly. They have not done so. At the July 16 conference, Defendants took the position that they do not believe depositions should be scheduled until issues raised in their June 14 letter is resolved.

That position cannot be squared with the parties' obligation to move discovery forward. Defendants' objections to particular Rule 30(b)(6) topics and to Mr. Ducasse's deposition present no obstacle to calendaring the depositions of the corporate Defendants' Rule 30(b)(6) witnesses while those objections are negotiated. Defendants' refusal to supply even a date serves no purpose but delay. Plaintiff accordingly asks only that Defendants be directed to provide dates now; the parties will continue to confer on the scope of the Rule 30(b)(6) topics and on Mr. Ducasse's deposition, and Plaintiff will raise either issue with the Court if it cannot be resolved.

### 4. Relief Requested

Plaintiff respectfully requests a conference and an order directing Defendants to:

(1) produce time records, pay records, and wage notices for a 20% sample of front-of-house and back-of-house employees for the six-year period preceding the Complaint;

(2) identify their ESI custodians within seven days and produce a hit report using the search terms in Plaintiff's First Request for Production of Documents within fourteen days thereafter; and

(3) provide dates for the depositions of the Rule 30(b)(6) witnesses of Ducasse Holding Corp. and BB at 55th & 5th, LLC within seven days.

We thank the Court for its consideration.

Respectfully submitted,

/s/ C.K. Lee, Esq.
C.K. Lee, Esq.
cc: all parties via ECF

DENIED WITHOUT PREJUDICE. By **July 31, 2026**, lead counsel for both sides shall meet and confer and, in good faith, discuss every issue raised in this letter and in defendants' response, Dkt. 28. After that, plaintiff may renew the requests as to any remaining issues. Defendants should be aware that to the extent that they refuse to produce any category of documents, or witnesses on any topics, then they will be unable to make arguments in any subsequent proceedings that would turn on those documents or testimony. The Clerk of Court is respectfully directed to terminate the motion at Dkt. 27.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: July 28, 2026